# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| MISSION COAL WIND DOWN CO LLC, ) | Case No. 18-04177-TOM11 |
| *et al.*, ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | |
| SEAN C. SOUTHARD, in his capacity as ) | |
| the Liquidating Trustee of the Mission ) | |
| Liquidating Trust, ) | |
| ) | Adv. Proc. No. 19-00090-TOM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JASON McCOY and KENNETH McCOY, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR ISSUANCE OF WRITS OF EXECUTION
### (Jason McCoy)

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, as made applicable herein pursuant to Rule 7069 of the Federal Rules of Bankruptcy Procedure, and Ala. Code § 6-9-1, Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust (the "**Plaintiff**"), moves the Court to authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Eastern District of North Carolina to seize and sell certain real and personal property owned by Jason McCoy (the "**Defendant**"). In support of his motion, the Plaintiff states as follows:

### JUDGMENTS

1. A final judgment in the amount **$2,400,000.00** was entered against the Defendant in the above-entitled action on August 5, 2021.

2. A separate final judgment in the amount of **$1,325,000.00** was entered against the Defendant in the above-entitled action on August 5, 2021 (together with the $2,400,000.00 judgment, the "**Judgments**").

3. No supersedeas bond has been posted, nor is a stay of execution or proceedings to enforce the Judgments in effect.

4. No payment has been made on the Judgments and the amount due through March 25, 2022 was in the following amount:

- $3,725,000.00  Aggregate amount of original judgments.
- $0.00  Plus pre-judgment interest for the period from [not applicable] to [not applicable] of $[not applicable] per diem.
- $118,384.96  Plus post-judgment interest for the period from August 6, 2021 through March 25, 2022 of $510.28 per diem.[1]
- $350.00  Plus court costs.
- $0.00  Plus post-judgment attorney's fees, if allowed by judgments.
- $1,651.61.  Less payments made.
- **$3,842,083.35**  **TOTAL DUE ON JUDGMENTS**.

### REAL AND PERSONAL PROPERTY SUBJECT TO EXECUTION

5. The Defendant has indicated in response to the Plaintiff's postjudgment discovery that he owns, controls, or otherwise has an interest in certain real and personal property (the "**Property**") that is located in the Eastern District of North Carolina (Wake County, North Carolina and Franklin County, North Carolina), and that is more particularly described in **Exhibit "A"** hereto, which is a copy of the relevant pages of the Defendant's responses to the Plaintiff's written postjudgment discovery requests.

### AUTHORITY FOR ISSUANCE OF WRITS OF EXECUTION

6. Federal Rule of Civil Procedure 69(a)(1) provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--

---

[1] Based on the 5.0% post-judgment interest rate specified in the judgments.

and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). *See also HOC, Inc. v. McAllister (In re McAllister)*, 216 B.R. 957, 962 (Bankr. N.D. Ala. 1998) ("The sole federal statutory framework for enforcing money judgments entered by bankruptcy courts is found in Rule 69 of the Federal Rules of Civil Procedure").

7. The relevant state law, Ala. Code § 6-9-1, authorizes the issuance of writs of execution against the "lands and goods of the party against whom judgment is entered," *See* Ala. Code § 6-9-1, and the relevant state procedure, Ala. R. Civ. P. 69, comports with Rule 69 of the Federal Rules of Civil Procedure. *See* Ala. R. Civ. P. 69.

8. But because the writs of execution here will issue from a bankruptcy court, the Plaintiff says that Rule 7004(d) authorizes this Court to appoint the U.S. Marshal for the Eastern District of North Carolina to execute the writs of execution. *See* Fed. R. Bankr. P. 7004(d), *Premier Sports Tour v. Five Star Tickets, Inc. (In re. Premier Sports Tours d/b/a Premiere Charters)*, 283 B.R. 601, 603-04 (Bankr. M.D. Fla. 2002); *American Freight Sys. v. Temperature Sys. (In re. American Freight Sys.)*, 173 B.R. 739, 742-43 (Bankr. D. Kan. 1994) (analogous bankruptcy court decisions holding that writs of garnishment issued pursuant to Rule 69 could be served and executed in a federal district located in another state pursuant to Rule 7004(d)). *See also Reynolds v. Behrman Capital IV L.P.*, 988 F.3d 1314 (11th Cir. 2021) ("Bankruptcy Rule 7004(d) permits nationwide service of process: 'The summons and complaint and **all other process** except a subpoena may be served anywhere in the United States.' In this circuit, when a federal statute or

rule 'provides for nationwide service of process, it becomes the . . . basis for federal jurisdiction'") (emphasis added).[2]

**REQUEST FOR RELIEF**

9. The Plaintiff requests that the Court authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Eastern District of North Carolina to seize and sell the Defendant's Property so that the Plaintiff may apply the proceeds towards the satisfaction of his Judgment.

9. Further, because the Defendant's postjudgment deposition testimony was unclear regarding whether he owned the Property himself, or whether he owned the Property with his spouse, or in his capacity as a member or shareholder of an entity, the Plaintiff requests that the Court give the Defendant an opportunity to respond regarding his ownership interest in the Property before the writs are issued, and that the Defendant's response, if any is filed, provide supporting records to show Defendant's ownership interest (of lack thereof) regarding each item included in the Property.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust, requests that the Court (1) schedule a hearing to consider the Plaintiff's request that the Court authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Eastern District of North Carolina to seize and sell the Defendant's Property and (2) order the Defendant to file any response regarding his ownership interest in the Property prior to the hearing date and to include in the response supporting records

---

[2] *But see In re McAllister*, 216 B.R. 957 (Bankr. N.D. Ala. 1998) (Judge Cohen) (finding that bankruptcy court lacked jurisdiction to issue garnishment against bank in North Carolina pursuant to Rule 7004(d)).

The Plaintiff says that the *McAllister* decision should no longer be followed with respect to this particular issue due to the holding in the *Reynolds v. Behrman* decision by the Eleventh Circuit, cited above, that "In this circuit, when a federal statute or rule 'provides for nationwide service of process, it becomes the . . . basis for federal jurisdiction'").

to show Defendant's ownership interest (of lack thereof) regarding each item included in the Property. A proposed order is attached hereto as **Exhibit "B."**

Respectfully submitted,

/s/ Bradley R. Hightower
Daniel D. Sparks
Bradley R. Hightower
Attorneys for Sean C. Southard, in his capacity as the
Liquidating Trustee of the Mission Liquidating Trust

OF COUNSEL:
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203
Phone: (205) 795-6588
Email: dds@csattorneys.com; brh@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by (as indicated below) the CM/ECF system, or by placing a copy of same in the United States mail, postage prepaid, addressed as follows, this 18th day of April, 2022.

Via CM/ECF Notice:

Jason McCoy
c/o Roberto J. Kampfner
Ronald K. Gorsich
Attorneys for Jason McCoy
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071
rkampfner@whitecase.com

J. Leland Murphree
Attorney for Jason McCoy
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North Suite 2400
2400 Regions/Harbert Plaza
Birmingham, AL 35203
lmurphree@maynardcooper.com

Evan N. Parrott
Attorney for Jason McCoy
MAYNARD, COOPER & GALE, P.C.
11 North Water Street
RSA Battle House Tower Suite 24290
Mobile, AL 36602
eparrott@maynardcooper.com

                                                /s/ Bradley R. Hightower
                                                Bradley R. Hightower

# **Exhibit A**

Notwithstanding the foregoing and subject to the objections hereto, Defendant will respond to this Interrogatory by providing the following financial statement:



Jason McCoy

1201 Enderbury Dr
Raleigh, NC 27614
23-Mar-22

**Assets:**

| | |
|---|---:|
| Personal Checking Account | $3,000.00 |
| Personal Checking Account | $2,800.00 |
| Personal Checking Account | $1,500.00 |
| Personal Vehicle (2020 F250) | $45,000.00 |
| Personal Vehicle (Malibu MKZ boat 2020) | $90,000.00 |
| Jeep Wrangler | $30,000.00 |
| IRON Lending, LLC | $1,650,000.00 |
| Lake lot | $350,000.00 |
| Primary Residence | $1,200,000.00 |
| Franklinton Rental Home | $425,000.00 |
| IRON Sports Holdings, LLC (3 Boxers) | $200,000.00 |
| IRON Group, Inc (42 acre farm and truck) | $750,000.00 |
| IRON Properties (Tennessee Coal reserves) | $5,000,000.00 |
| IRON Natural Resources (Will Scarlett rare earth) | $3,500,000.00 |
| waterscape, LLC (kerr lake lots) | $2,500,000.00 |
| **Total Assets:** | **$15,747,300.00** |

**Liabilities**

| | |
|---|---:|
| Mission Coal Settlement plus legal | $4,100,000.00 |
| **Total Liabilities:** | |
| **Net Worth:** | |

7. Provide the following information relating to insurance policies in force and owned directly or indirectly by you as of the date you answer these interrogatories:

| Property Type: | Address | Titled | Purchase price | Present value | Mortgage |
|---|---|---|---|---|---|
| Personal Home | 1201 Enderbury Dr Raleigh, NC 27614 | Jason and Jennifer | $953,000.00 | $1,200,000.00 | ▬▬▬ |
| Rental Home | 85 Pebble creek dr Franklinton, NC | Jason McCoy | $382,500.00 | $425,000.00 | ▬▬▬ |
| Lake Lot (Lake Gaston, NC) | N Ridge Rd Littleton, NC | Jason and Jennifer | $300,000.00 | $350,000.00 | ▬▬▬ |
| 42 acre farm | 4729 graham sherron Rd wake Forest | IRON Group, Inc | $450,000.00 | $700,000.00 | ▬▬▬ |
| Lake Lots (Kerr lake, VA) | See property map | Waterscape Ventures | $1,700,000.00 | $2,477,000.00 | ▬▬▬ |

11. If you do not own the property where you currently reside, set forth the name, address and telephone number of the person(s) or entity/entities who own(s) the residence, whether there has been a change of ownership of the residence during the period in question, the date of the change of ownership, the reason for the change of ownership, the amount of the rent, and the frequency with which the rent must be paid.

**RESPONSE:**

Subject to the General Objections set forth above and without waiver thereof, the Defendant responds to this Interrogatory as follows: Not applicable.

12. Do you, or an entity in which you are a shareholder, member, partner, or owner, own or use any fixtures, furniture, machinery, equipment, trucks or automobiles as of the date you answer these interrogatories? If your answer is in the affirmative, please set forth the following information:

| Descriptions | Cost | Liquidation Value | Amount of Indebtedness if pledged | Date Pledged | Owner |
|---|---|---|---|---|---|
| (a) Furniture/ fixtures (business) | | | | | |
| (b) furniture (household) | | | | | |
| (c) machinery/ equipment (specify) | | | | | |

Page 13 of 24

(d) Trucks (specify make, model, VIN, year)

(e) Automobiles (specify make, model, VIN, year)

**RESPONSE:**

The Defendant incorporates each General Objection by reference. In addition, the Defendant objects to this interrogatory as being overbroad, burdensome and oppressive. Notwithstanding the foregoing and without wavier of the objections hereto, Defendant will respond to this Interrogatory by providing the following information:

| Item | VIN | Cost | Value | Indebtness | Owner |
|---|---|---|---|---|---|
| 2020 Ford F250 | 1FT8W2BT9LEC08793 | 72,500 | 45,000 | ENCECO | Jason and Jennifer |
| 2022 Ford F250 | 1FT8W2BT4NED28648 | 85,000 | 78,000 | N/A | IRON Group, Inc |
| 2017 Jeep Wrangler | 1C4HJWFG5HL536363 | 50,000 | 30,000 | ENCECO | Jason and Jennifer |
| Furniture (business) | N/A | 15,000 | 5,000 | N/A | IRON Group, Inc |
| Furniture (household) | N/A | 20,000 | 7,000 | N/A | Jason and Jennifer |

13. Set forth the following information regarding all stocks, bonds, or securities (including, but not limited to, any interest in money market or other mutual funds) owned by you, or an entity in which you are a shareholder, member, partner, or owner, or held on your behalf during the period in question (and indicate if you sold or otherwise transferred any stock):

| Name of Company | Record Owner | Number of Units | Cost | Fair Market Value | Amount of Indebtedness if pledged |
|---|---|---|---|---|---|

**RESPONSE:**

Page 14 of 24

| Name of Trust or Estate | Present Value of Assets | Value of Your Interests | Amounts Received from this source |
|---|---|---|---|

**RESPONSE:**

Subject to the General Objections set forth above and without waiver thereof, the Defendant responds to this Interrogatory as follows: Not applicable.

18. Do you currently own or have an interest in any individual retirement accounts, stock option plans, pension or profit sharing plans, or any other savings or retirement plans other than those listed in response to previous interrogatories. If your answer is yes, state the name, address and telephone number of the custodian of all such assets and state the amount.

**RESPONSE:**

Subject to the General Objections set forth above and without waiver thereof, the Defendant responds to this Interrogatory as follows: Not applicable.

19. Do you currently have any other assets or an interest in assets, either actual or contingent, other than those listed in the previous interrogatory requests (i.e., antiques, stamp collections, boat, musical instruments, etc.)? If so, please describe the assets in detail, identify the location of the asset, and state the current fair market value of each such asset.

**RESPONSE:**

Subject to the General Objections set forth above and without waiver thereof, the Defendant responds to this Interrogatory as follows:

| Asset | Location | Value | owner |
|---|---|---|---|
| 2020 Malibu Boat | Raleigh, NC | 90,000 | jason and jennifer |
| 2020 Yamaha Jet ski | Raleigh, NC | 12,500 | jason and jennifer |
| 2017 Ducati Desert sled | raleigh, NC | 8500 | jason and jennifer |

Exhibit "B"
Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MISSION COAL WIND DOWN CO LLC, | ) | Case No. 18-04177-TOM11 |
| *et al.*, | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| SEAN C. SOUTHARD, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust, | ) ) ) ) | |
| | ) | Adv. Proc. No. 19-00090-TOM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON McCOY and KENNETH McCOY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR ISSUANCE OF WRITS OF EXECUTION
### (Jason McCoy)

Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust (the "**Plaintiff**") filed a *Motion for Issuance of Writs of Execution* [Docket No. (the "**Motion**") in this Court on the [] day of April, 2022. In his Motion, the Plaintiff moves the Court to authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Eastern District of North Carolina to seize and sell certain real and personal property (the "**Property**") owned by Jason McCoy (the "**Defendant**") located in that district. The Plaintiff further requests that the Court schedule a hearing to consider the Plaintiff's request before any

writs are issued and order the Defendant to file any response regarding his ownership interest in the Property prior to the hearing date, and to include in the response supporting records to show Defendant's ownership interest (of lack thereof) regarding each item included in the Property

The Court, having considered the Plaintiff's Motion, ORDERS that:

1. The Plaintiff's Motion is scheduled for hearing on [insert date], 2022, at [insert time], [insert physical location or specify that hearing is by telephone].

2. The Defendant shall file any response disputing the Plaintiff's allegations or otherwise asserting that some or all of the Property is not subject to execution at least two (2) days prior to the hearing date.

3. The Defendant's response shall include supporting records to show Defendant's ownership interest (of lack thereof) regarding each item included in the Property.

Dated: _____

_____
Tamara O. Mitchell
United States Bankruptcy Judge

**This Order Prepared By:**

Bradley R. Hightower
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL  35203
Phone: (205) 795-6588
Email: brh@csattorneys.com