# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MISSION COAL WIND DOWN CO LLC, *et al.*, | ) ) ) | Case No. 18-04177-TOM11 |
| | ) | Chapter 11 |
| Debtors. | ) ) | (Jointly Administered) |
| | ) | |
| SEAN C. SOUTHARD, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust, | ) ) ) ) ) | |
| | ) | Adv. Proc. No. 19-00090-TOM |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JASON McCOY and KENNETH McCOY, | ) ) | |
| Defendants. | ) ) | |

## MOTION FOR ISSUANCE OF WRITS OF EXECUTION
### (Kenneth McCoy)

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, as made applicable herein pursuant to Rule 7069 of the Federal Rules of Bankruptcy Procedure, and Ala. Code § 6-9-1, Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust (the "**Plaintiff**"), moves the Court to authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Western District of Virginia to seize and sell certain real and personal property owned by Kenneth McCoy (the "**Defendant**"). In support of his motion, the Plaintiff states as follows:

### JUDGMENT

1. A final judgment in the amount **$2,400,000.00** was entered against the Defendant in the above-entitled action on August 5, 2021 (the "**Judgment**").

2. No supersedeas bond has been posted, nor is a stay of execution or proceedings to enforce the Judgment in effect.

3. No payment has been made on the Judgment and the amount due through March 25, 2022 was in the following amount:

- $2,400,000.00   Amount of original Judgment.
- $0.00   Plus pre-judgment interest for the period from [not applicable] to [not applicable] of $[not applicable] per diem.
- $76,274.63   Plus post-judgment interest for the period from August 6, 2021 through March 25, 2022 of $328.77 per diem.[1]
- $350.00   Plus court costs.
- $0.00   Plus post-judgment attorney's fees, if allowed by judgment.
- $1,651.61.   Less payments made.
- **$2,474,973.02**   **TOTAL DUE ON JUDGMENT**.

### REAL AND PERSONAL PROPERTY SUBJECT TO EXECUTION

4. The Defendant has indicated in response to the Plaintiff's postjudgment discovery that he owns, controls, or otherwise has an interest in certain real and personal property (the "**Property**") that is located in the Western District of Virginia (Lee County, Virginia) and that is more particularly described in **Exhibit "A"** hereto, which is a copy of the relevant pages of the Defendant's responses to the Plaintiff's written postjudgment discovery requests.

### AUTHORITY FOR ISSUANCE OF WRITS OF EXECUTION

5. Federal Rule of Civil Procedure 69(a)(1) provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). *See also HOC, Inc. v. McAllister (In re McAllister)*, 216 B.R. 957, 962 (Bankr. N.D. Ala. 1998) ("The sole federal statutory framework for enforcing money

---

[1] Based on the 5.0% post-judgment interest rate specified in the judgment.

judgments entered by bankruptcy courts is found in Rule 69 of the Federal Rules of Civil Procedure").

6. The relevant state law, Ala. Code § 6-9-1, authorizes the issuance of writs of execution against the "lands and goods of the party against whom judgment is entered," *See* Ala. Code § 6-9-1, and the relevant state procedure, Ala. R. Civ. P. 69, comports with Rule 69 of the Federal Rules of Civil Procedure. *See* Ala. R. Civ. P. 69.

7. But because the writs of execution here will issue from a bankruptcy court, the Plaintiff says that Rule 7004(d) authorizes this Court to appoint the U.S. Marshal for the Western District of Virginia to execute the writs of execution. *See* Fed. R. Bankr. P. 7004(d), *Premier Sports Tour v. Five Star Tickets, Inc. (In re. Premier Sports Tours d/b/a Premiere Charters)*, 283 B.R. 601, 603-04 (Bankr. M.D. Fla. 2002); *American Freight Sys. v. Temperature Sys. (In re. American Freight Sys.)*, 173 B.R. 739, 742-43 (Bankr. D. Kan. 1994) (analogous bankruptcy court decisions holding that writs of garnishment issued pursuant to Rule 69 could be served and executed in a federal district located in another state pursuant to Rule 7004(d)). *See also Reynolds v. Behrman Capital IV L.P.*, 988 F.3d 1314 (11th Cir. 2021) ("Bankruptcy Rule 7004(d) permits nationwide service of process: 'The summons and complaint and **all other process** except a subpoena may be served anywhere in the United States.' In this circuit, when a federal statute or rule 'provides for nationwide service of process, it becomes the . . . basis for federal jurisdiction'") (emphasis added).[2]

---

[2] *But see In re McAllister*, 216 B.R. 957 (Bankr. N.D. Ala. 1998) (Judge Cohen) (finding that bankruptcy court lacked jurisdiction to issue garnishment against bank in North Carolina pursuant to Rule 7004(d)).

The Plaintiff says that the *McAllister* decision should no longer be followed with respect to this particular issue due to the holding in the *Reynolds v. Behrman* decision by the Eleventh Circuit, cited above, that "In this circuit, when a federal statute or rule 'provides for nationwide service of process, it becomes the . . . basis for federal jurisdiction'").

## REQUEST FOR RELIEF

8. The Plaintiff requests that the Court authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Western District of Virginia to seize and sell the Defendant's Property so that the Plaintiff may apply the proceeds towards the satisfaction of his Judgment.

9. Further, because the Defendant's postjudgment deposition testimony was unclear regarding whether he owned the Property himself, or whether he owned the Property with his spouse, or in his capacity as a member or shareholder of an entity, the Plaintiff requests that the Court give the Defendant an opportunity to respond regarding his ownership interest in the Property before the writs are issued, and that the Defendant's response, if any is filed, provide supporting records to show Defendant's ownership interest (of lack thereof) regarding each item included in the Property.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust, requests that the Court (1) schedule a hearing to consider the Plaintiff's request that the Court authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Western District of Virginia to seize and sell the Defendant's Property and (2) order the Defendant to file any response regarding his ownership interest in the Property prior to the hearing date and to include in the response supporting records to show Defendant's ownership interest (of lack thereof) regarding each item included in the Property. A proposed order is attached hereto as **Exhibit "B."**

        Respectfully submitted,

        /s/ Bradley R. Hightower
        Daniel D. Sparks
        Bradley R. Hightower
        Attorneys for Sean C. Southard, in his capacity as the
        Liquidating Trustee of the Mission Liquidating Trust

OF COUNSEL:
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203
Phone: (205) 795-6588
Email: dds@csattorneys.com; brh@csattorneys.com

## CERTIFICATE OF SERVICE

        I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by (as indicated below) the CM/ECF system, or by placing a copy of same in the United States mail, postage prepaid, addressed as follows, this 18th day of April, 2022.

Via CM/ECF Notice:

Kenneth McCoy
c/o Roberto J. Kampfner
Ronald K. Gorsich
Attorneys for Kenneth McCoy
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071
rkampfner@whitecase.com

J. Leland Murphree
Attorney for Kenneth McCoy
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North Suite 2400
2400 Regions/Harbert Plaza
Birmingham, AL 35203
lmurphree@maynardcooper.com

Evan N. Parrott
Attorney for Kenneth McCoy
MAYNARD, COOPER & GALE, P.C.
11 North Water Street
RSA Battle House Tower Suite 24290
Mobile, AL 36602
eparrott@maynardcooper.com

/s/ Bradley R. Hightower
Bradley R. Hightower

# Exhibit A

(10) automobiles

(11) stocks, bonds,
or other securities

(12) pensions or annuities

(13) gold

(14) silver

(15) jewelry

| Liabilities | Amount ($) | Fair Market Value ($) (if applicable) |
|---|---|---|

(1) loans on insurance

(2) accounts payable

(3) notes payable

(4) mortgages

(5) accrued real estate taxes

(6) judgments

(7) reserves

**RESPONSE:**

The Defendant incorporates each General Objection by reference. In addition, the Defendant objects to this interrogatory as being overbroad, burdensome and oppressive. Notwithstanding the foregoing and subject to the objections hereto, Defendant will respond to this Interrogatory by providing the following:

| Assets | Purchase Value | Market Value |
|---|---|---|
| Cash | N/A | ████ |

Page 7 of 25

| | | |
|---|---|---|
| House located at 58 Jason Street, Amherstdale, WV 25607 (Ken's mother's residence) | $128,500.00 | $125,000-$130,000 |
| 15 acres of land at Hyatt Estates; Persimmon Drive, Dryden, VA 24219 | $30,000.00 | $115,000.00 |
| Family Farm and Residence, 139 Cox Road, Jonesville, CA 24263 | $1,269,416.00 | $1,200,000.00 |
| Furniture & Fixtures | N/A | $10,000.00 |
| Tractor 2009 Kubota | $35,000.00 | $12,000.00 |
| 2004 John Deere Dozer | $36,000.00 | $25,000.00 |
| 2013 Kubota Tractor | $35,000.00 | $18,000.00 |
| 2008 Tractor Ford | $10,000.00 | $6,000.00 |
| 2007 John Deere 200 Excavator | $60,000.00 | $45,000.00 |
| 2004 Baler John Deere | $15,000.00 | $8,000.00 |
| 2010 Kubota Mower | $15,000.00 | $6,000.00 |
| 2018 Honda UTV | $16,000.00 | $5,000.00 |
| 2005 F350 Ford | $12,000.00 | $3,000.00 |
| 2006 Nissan | $8,500.00 | $2,500.00 |
| 2019 Lexus SUV | $53,500.00 | $38,000.00 |
| Interest in Iron Lending (holds 65,150 of Conuma Shares (5.18%). These shares are encumbered in favor of Javelin | N/A | $12,950,000 |

| | | |
|---|---|---|
| 12.5% ownership in Scandum 21 LLC (owns rare earth project) | N/A | $850,000.00 |
| | | |
| **Liabilities** | **Amount** | |
| ███████ | ████ | |
| ███ | █ | |
| ██████ | ███ | |
| █████ | ██ | |
| Mission Coal Note | $2,400,000 | |

7. Provide the following information relating to insurance policies in force and owned directly or indirectly by you as of the date you answer these interrogatories:

| Number of Policy | Name Of Company | Amount Of Policy | Present Cash Surrender Value |
|---|---|---|---|
| (1) | | | |
| (2) | | | |
| (3) | | | |
| (4) | | | |
| (5) | | | |
| (6) | | | |

Page **9** of **25**

Exhibit "B"
Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| MISSION COAL WIND DOWN CO LLC, *et al.*, | ) Case No. 18-04177-TOM11 |
| | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| SEAN C. SOUTHARD, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust, | ) |
| | ) |
| | ) |
| | ) Adv. Proc. No. 19-00090-TOM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JASON McCOY and KENNETH McCOY, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR ISSUANCE OF WRITS OF EXECUTION**
**(Kenneth McCoy)**

Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust (the "**Plaintiff**") filed a *Motion for Issuance of Writs of Execution* [Docket No. (the "**Motion**") in this Court on the [] day of April, 2022. In his Motion, the Plaintiff moves the Court to authorize the Clerk of this Court to issue writs of execution appointing the U.S. Marshal for the Western District of Virginia to seize and sell certain real and personal property owned by Kenneth McCoy (the "**Defendant**") located in that district. The Plaintiff further requests that the Court schedule a hearing to consider the Plaintiff's request before any writs are issued and order the

Defendant to file any response regarding his ownership interest in the Property prior to the hearing date.

The Court, having considered the Plaintiff's Motion, ORDERS that:

1. The Plaintiff's Motion is scheduled for hearing on [insert date], 2022, at [insert time], [insert physical location or specify that hearing is by telephone].

2. The Defendant shall file any response disputing the Plaintiff's allegations or otherwise asserting that some or all of the Property is not subject to execution at least two (2) days prior to the hearing date.

3. The Defendant's response shall include supporting records to show Defendant's ownership interest (of lack thereof) regarding each item included in the Property.

Dated: _____

_____
Tamara O. Mitchell
United States Bankruptcy Judge

**This Order Prepared By:**

Bradley R. Hightower
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL  35203
Phone: (205) 795-6588
Email: brh@csattorneys.com